SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
B. NATALIE VU (SBN: 273219)
nvu@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
777 S. Figueroa Street, Suite 750
Los Angeles, CA 90017
Telephone: (213) 402-1245
Facsimile: (213) 402-1246

Attorneys for Plaintiffs
BHG STRUCTURED SETTLEMENTS, INC.;
BERKSHIRE HATHAWAY LIFE INSURANCE
COMPANY OF NEBRASKA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BHG STRUCTURED SETTLEMENTS, INC., a Missouri corporation; BERKSHIRE HATHAWAY LIFE INSURANCE COMPANY OF NEBRASKA, a Nebraska corporation<br><br>Plaintiffs,<br>v.<br><br>ARTIN HARTOUNIAN, individually; PARAMSTEN HARTOUNIAN, individually and as guardian ad litem for Haig Hartounian,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs BHG Structured Settlements, Inc. ("BHG") and Berkshire Hathaway Life Insurance Company of Nebraska ("BHLN") (collectively, "Plaintiffs") allege as follows:

## NATURE OF THE CASE

1. Pursuant to a Qualified Assignment and Release Agreement (with its Addendum) ("Assignment Agreement"), BHG accepted an obligation to make the monthly payments owed under an annuity contract issued by BHLN ("Annuity Contract"). The Addendum to the Assignment Agreement includes commutation language that was agreed to by the parties to the Assignment Agreement and incorporated into a court order. After receiving confirmation of Haig Hartounian's death, BHG commuted the remaining unpaid monthly payments and issued a $687,416.01 "Commutation Payment," split equally between Artin Hartounian and Paramsten Hartounian, as beneficiaries. Artin Hartounian and Paramsten Hartounian contend BHG's discontinuation of those monthly payments and commutation of remaining unpaid monthly payments is not lawful. Artin Hartounian and Paramsten Hartounian also contend they are entitled to an amount exceeding $687,416.01. BHLN and BHG seek a ruling that they have fulfilled their contractual obligations and owe no further duties under the Assignment Agreement and Annuity Contract.

## PARTIES

2. Plaintiff BHG Structured Settlements, Inc. is a Missouri corporation with its principal place of business located in Omaha, Nebraska.

3. Plaintiff Berkshire Hathaway Life Insurance Company of Nebraska is a Nebraska corporation with its principal place of business located in Omaha, Nebraska.

///

4. Defendant Artin Hartounian a/k/a Art Hartounian is an individual and a resident of Los Angeles County, California.

5. Defendant Paramsten Hartounian a/k/a Pari Hartounian is an individual and resident of Los Angeles County, California. Paramsten Hartounian was or is, and at all relevant times has been, guardian ad litem for Haig Hartounian, the disabled minor.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity among plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because this is the judicial district where defendants Artin Hartounian and Paramsten Hartounian reside. Venue is also proper under 28 U.S.C. § 1391(b)(2) because Los Angeles County is where the underlying personal injury action was filed by Artin Hartounian, Paramsten Hartounian, and Haig Hartounian and the location of a substantial part of the events, acts, omissions, and transactions which are the subject of this Complaint.

8. Pursuant to 28 U.S.C. § 2201(a) and Federal Rules of Civil Procedure 57, this Court has the authority to adjudicate the matters at issue and enter its judgment declaring the rights of all parties to this action.

## FACTUAL BACKGROUND

9. On September 9, 2011, Haig Hartounian, a minor (by and through his guardian ad litem Paramsten Hartounian), Paramsten Hartounian, individually, and Artin Hartounian, individually, filed a Complaint in the lawsuit captioned *Hartounian, et al. v. Huntington OB-GYN, et al.*, Superior Court of California, County of Los Angeles, Case No.

LC 094809 ("Personal Injury Lawsuit"), seeking to recover damages as a result of events on or around September 24, 2010 in Woodland Hills, California, which allegedly resulted in physical injuries and personal injuries to Haig Hartounian.

10. On April 9, 2013, Paramsten Hartounian, Artin Hartounian, and Haig Hartounian (through his guardian ad litem Paramsten Hartounian), filed a Petition to Approve Compromise of Disputed Claim in the Personal Injury Lawsuit.

11. On April 26, 2013, Paramsten Hartounian, Artin Hartounian, and Haig Hartounian (through his guardian ad litem Paramsten Hartounian), signed a "Settlement Agreement and Release" ("Settlement Agreement") to fully settle and discharge the claims alleged in the Personal Injury Lawsuit. The Settlement Agreement provided that Sequoia Insurance Corporation (the insurer of the defendants sued in the Personal Injury Lawsuit) ("Sequoia") would issue a $1 million check payable to BHG to fund an Assignment Agreement in respect of the Personal Injury Lawsuit defendants' payment obligation to be assumed by BHG. BHG would then purchase the Annuity Contract from BHLN and direct BHLN to make payments to the Haig Hartounian Special Needs Trust.

12. The Settlement Agreement further provides that the amounts payable are for damages on account of personal physical injuries and sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

13. On April 29, 2013, the Los Angeles County Superior Court entered an Order Approving Compromise of Disputed Claim ("April 2013 Order"). The April 2013 Order ordered payment of $1 million for the purchase of an annuity from BHG to provide during the life of Haig

BHG AND BHLN'S COMPLAINT FOR DECLARATORY RELIEF
3

1  Hartounian monthly income payments of $2,830.00, beginning June 1,
2  2017 and compounding annually at 2%.
3     14.   The April 2013 Order provides that these periodic payments
4  are payable to the Trustee of the Haig Hartounian Special Needs Trust,
5  are made on account of personal physical injuries within the meaning of
6  Internal Revenue Code section 104(a)(2), and shall be received on a tax-
7  free basis. The April 2013 Order further specifies that Sequoia may enter
8  into an assignment agreement with BHG, who will in turn purchase an
9  annuity contract.
10    15.   Effective May 20, 2013, BHG, Sequoia, and Haig Hartounian
11 (through his guardian ad litem Paramsten Hartounian) entered into an
12 Assignment Agreement. The Assignment Agreement defines Haig
13 Hartounian as the "Claimant," BHG as the "Assignee," BHLN as the
14 "Annuity Issuer," and Sequoia as the "Assignor."
15    16.   Pursuant to the Assignment Agreement, Sequoia and BHG
16 effected a "qualified assignment" within the meaning and subject to the
17 conditions of Section 130(c) of the Internal Revenue Code of 1986, as
18 amended. Sequoia assigned to BHG, and BHG accepted, all of Sequoia's
19 liability to make Periodic Payments. Haig Hartounian (through his guardian
20 ad litem Paramsten Hartounian) accepted and consented to the
21 Assignment Agreement, releasing and discharging Sequoia from all
22 liability to make Periodic Payments.
23    17.   The Assignment Agreement provides that the Periodic
24 Payments are as set forth in Addendum No. 1 incorporated in and made
25 part of the Assignment Agreement.
26    18.   Addendum No. 1 titled "Description of Periodic Payments" to
27 the Assignment Agreement defines Periodic Payments as $2,830 payable
28 monthly to the Trustee of the Haig Hartounian Special Needs Trust for the

life of Haig Hartounian, beginning June 1, 2017, with 30 years guaranteed, increasing at 2% compounded annually, with the last guaranteed payment due May 1, 2047.

19. In the Description of Periodic Payments, the Assignment Agreement states that "[f]ollowing Haig Hartounian's death, upon written instruction to [BHG], the remaining and unpaid certain payments described in this Addendum shall be commuted in exchange for a lump sum equal to 95% of the present value of the unpaid payments (the 'Commutation Payment'), as calculated by [BHLN]."

20. Addendum No. 1 further provides that the Commutation Payment shall be paid to Artin and Paramsten Hartounian and that such payment may constitute a specific portion of or all of the certain payments and are not in addition to such payments.

21. Addendum No. 1 defines Commutable Payments as $2,830 payable monthly, beginning June 1, 2017 (Age 6.7) for 30 years certain and life, compounding annually at 2%, with the last guaranteed payment due May 1, 2047.

22. Haig Hartounian (through his guardian ad litem Paramsten Hartounian) signed the Assignment Agreement, including Addendum No. 1.

23. Attorney Robert Dourian, as counsel for Haig Hartounian, approved the Assignment Agreement, including Addendum No. 1.

24. The commutation provisions of the Assignment Agreement were approved by and incorporated into the April 2013 Order.

25. The Assignment Agreement provides that the Periodic Payments constitute damages (other than punitive damages) on account of personal injury or sickness in a case involving physical injury or physical

sickness, within the meaning of Sections 130(c) and 104(a) of the Internal Revenue Code.

26. To fund its obligation to make the Periodic Payments under the Assignment Agreement, BHG purchased Annuity Contract no. BN-13-05643 from BHLN. As directed by BHG, the Annuity Contract lists BHG as the "Owner," lists Haig Hartounian as the "Measuring Life," and lists The Haig Hartounian Irrevocable Special Needs Trust, dated April 26, 2013 as the "Optional Payee." The Annuity Contract provides for a contract date of May 20, 2013.

27. Under its Schedule of Payments, the Annuity Contract states that BHLN will make payments to The Haig Hartounian Irrevocable Special Needs Trust dated April 26, 2013. Payments were to commence June 1, 2017. The sum of $2,830 was to be paid per month, increasing by 2% on June 1, 2018 and each June 1 thereafter. The payments were to be made until the death of Haig Hartounian or until May 1, 2047, whichever period is longest.

28. Consistent with the Assignment Agreement, the Annuity Contract provides that following the Measuring Life's (Haig Hartounian's) death, upon written instruction to BHLN, the remaining and unpaid payments shown on the Schedule of Guaranteed Payments Subject to Commutation shall be commuted in exchange for a lump sum equal to 95% of the present value as calculated by BHLN, of the unpaid payments on the schedule.

29. Haig Hartounian died on April 30, 2021 and on May 17, 2021, the State of California, County of Los Angeles Department of Public Health issued a Certificate of Death confirming his death.

/ / /

/ / /

30. On June 30, 2021, BHG received written instruction of Haig Hartounian's death inclusive of a copy of Haig Hartounian's death certificate.

31. Upon BHG's determination that the Commutation Payment was owed to Artin Hartounian and Paramsten Hartounian, as beneficiaries under the Assignment Agreement and April 2013 Order, BHLN calculated the Commutation Payment as $687,416.01 based upon the criteria set forth in Addendum No. 1 to the Assignment Agreement and Endorsement No. 1 to the Annuity Contract.

32. Accordingly, BHG informed Artin Hartounian and Paramsten Hartounian that BHG would issue the Commutation Payment totaling $687,416.01 to them in equal shares.

33. Artin Hartounian and Paramsten Hartounian objected to the calculation of the Commutation Payment, contending they have the option to continue the monthly payments after Haig Hartounian's death. Artin Hartounian and Paramsten Hartounian contend the Commutation Payment is an optional payment that they can elect to receive at any time of their choosing and such payment is not automatically triggered upon the death of Haig Hartounian.

34. BHG issued a letter to Artin Hartounian and Paramsten Hartounian, through their attorney, explaining why BHG's position was supported by applicable tax laws. BHG invited Artin Hartounian and Paramsten Hartounian to provide legal support for their position.

35. Artin Hartounian and Paramsten Hartounian did not provide any legal support for their position. Therefore, BHG proceeded to instruct BHLN to issue the Commutation Payment through two checks totaling $687,416.01, payable to Artin Hartounian and Paramsten Hartounian.

/ / /

36. Artin Hartounian and Paramsten Hartounian allege BHG owes them $1,377,696.84, not $687,416.01.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Method and Amount of Payment Are Correct)

37. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 36 of this Complaint as though fully set forth here.

38. The Annuity Contract and Assignment Agreement provide that monthly Periodic Payments are payable for the life of Haig Hartounian.

39. Upon receiving confirmation of Haig Hartounian's death, BHG determined it no longer owed monthly Periodic Payments pursuant to the Assignment Agreement.

40. The Commutation Payment of $687,416.01 was calculated pursuant to the criteria set forth in Addendum No. 1 to the Assignment Agreement and was issued to the beneficiaries Artin Hartounian and Paramsten Hartounian.

41. Artin Hartounian and Paramsten Hartounian disagree with BHG's position and contend the Commutation Payment is an optional payment that can be elected at any time of their choosing.

42. Artin Hartounian and Paramsten Hartounian also contend the Commutation Payment amount has not been calculated correctly.

43. An actual controversy exists between, on one hand, BHG and BHLN, and, on the other hand, Artin Hartounian and Paramsten Hartounian, regarding the amount owed under the Annuity Contract and Assignment Agreement.

44. BHG and BHLN seek a declaration, order, and judgment that the method of payment (one Commutation Payment, split equally between

the beneficiaries, rather than continued periodic payments) and the amount of the payment are correct pursuant to the contracts and the law. This determination is necessary so that all parties are bound.

Wherefore, Plaintiffs pray for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. A declaration, order, and judgment that:
   a. BHG does not owe monthly Periodic Payments to Artin Hartounian and Paramsten Hartounian;
   b. BHLN owes no further payments as described in the Schedule of Payments in the Annuity Contract;
   c. the Commutation Payment provided for in the Assignment Agreement is payable upon the death of Haig Hartounian and not at a later time elected by Artin Hartounian and Paramsten Hartounian;
   d. BHLN correctly calculated $687,416.01 as the amount of the Commutation Payment owed to Artin Hartounian and Paramsten Hartounian; and
   e. upon BHLN's issuance of the $687,416.01 Commutation Payment, BHG and BHLN have fulfilled their obligations, BHG owes no further duties under the Assignment Agreement, and BHLN owes no further duties under the Annuity Contract;

/ / /
/ / /
/ / /
/ / /
/ / /

2. For costs of suit; and

3. For such other relief as this Court deems just and proper.

Dated: May 25, 2022

NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP

By: */s/ Sara M. Thorpe*
Sara M. Thorpe
B. Natalie Vu
Attorneys for Plaintiffs BHG Structured Settlements, Inc. and Berkshire Hathaway Life Insurance Company of Nebraska